UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| RHODE ISLAND STATE COUNCIL OF CHURCHES; NATIONAL COUNCIL OF NONPROFITS; SERVICE EMPLOYEES INTERNATIONAL UNION; MAIN STREET ALLIANCE; CITY OF CENTRAL FALLS; CITY OF PAWTUCKET; CITY OF PROVIDENCE; CITY OF ALBUQUERQUE; CITY OF BALTIMORE; CITY OF COLUMBUS; CITY OF DURHAM; CITY OF NEW HAVEN; AMOS HOUSE; DR. MARTIN LUTHER KING, JR. COMMUNITY CENTER; EAST BAY COMMUNITY ACTION PROGRAM; FEDERAL HILL HOUSE ASSOCIATION; THE MILAGROS PROJECT; UNITED WAY OF RHODE ISLAND; NEW YORK LEGAL ASSISTANCE GROUP; BLACK SHEEP MARKET,<br>    Plaintiffs,<br><br>    v.<br><br>BROOKE ROLLINS, in her official capacity as Secretary of the United States Department of Agriculture; UNITED STATES DEPARTMENT OF AGRICULTURE; RUSSELL VOUGHT, in his official capacity as Director of the United States Office of Management and Budget; UNITED STATES OFFICE OF MANAGEMENT AND BUDGET; SCOTT BESSENT, in his official capacity as Secretary of the United States Department of the Treasury; UNITED STATES | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 25-cv-569-JJM-AEM |

DEPARTMENT OF THE TREASURY;
UNITED STATES OF AMERICA,
    Defendants.

# ORDER

The Defendants in their "Emergency Motion for a Written Order on Motion for Temporary Restraining Order" (ECF No. 18) have stated that:

> Defendants are expeditiously attempting to comply with the Court's order while also considering whether any emergency relief is required. Given the operational difficulties set forth in Defendants' declaration, Doc. No. 14-2, clarity as to the Court's ruling is critical to ensure that Defendants can comply with the Court's order while avoiding an operational collapse as described in that declaration.

ECF No. 18 at 2. Also, the President of the United States stated Friday evening that:

> I do not want Americans to go hungry . . . [I] ask the Court to clarify how we can legally fund SNAP as soon as possible. . . . If we are given the appropriate legal direction by the Court, it will BE MY HONOR to provide the funding . . .

Donald J. Trump (@realDonaldTrump), Truth Social (Oct. 31, 2025, at 6:10 PM).[1]

So, here's the ORDER and here's the legal direction from the Court.[2] Having reviewed the Complaint, Motion, Memorandum of Law, Declarations, and evidence in support of the Motion, as well as the papers filed in opposition to this Motion, and

---

[1] The Court greatly appreciates the President's quick and definitive response to this Court's Order and his desire to provide the necessary SNAP funding.

[2] Given the geographic diversity of Plaintiffs and their membership as well as the injuries certain Plaintiffs suffer from the elimination of SNAP in their communities, a limited order would not provide complete relief. *Trump v. CASA, Inc.*, 606 U.S. 831, 853–54 (2025).

after conducting a hearing on the matter, under Federal Rule of Civil Procedure 65, and for good cause shown, the Court finds that the Plaintiffs have satisfied the requirements for the issuance of a temporary restraining order because: (1) Plaintiffs have established a substantial likelihood of success on the merits; (2) Plaintiffs will be irreparably harmed absent a temporary restraining order; and (3) the public interest and balance of the equities strongly favor entry of a temporary restraining order.[3]

It is therefore ORDERED:

1. In the Consolidated Appropriations Act of 2024, Congress appropriated more than $122 billion for the Supplemental Nutrition Assistance Program ("SNAP"). Pub. L. No. 118-42, 138 Stat. 25, 93. Of that sum, Congress directed that $3 billion, "to remain available through September 30, 2026, shall be placed in reserve for use only in such amounts and at such times *as may become necessary to carry out program operations*." (emphasis added). Congress maintained those funding levels for the SNAP program in the Full-Year Continuing Appropriations and Extensions Act of 2025, meaning that an additional $3 billion was put aside in a reserve available through September 30, 2027. Pub. L. No. 119-4, 139 Stat. 9, 13 (collectively referred to here as "contingency funds"). Because of the lack of appropriations for Fiscal Year 2026 (i.e., "the shutdown"), use of those contingency funds has now become required because available funding is necessary to carry out the program operations, i.e., to

---

[3] The Court incorporates its oral order and reasoning stated in the hearing on this matter October 31, 2025, at 1 p.m. The Court recorded the hearing.

3

pay citizens their SNAP benefits. There is no question that the congressionally approved contingency funds must be used now because of the shutdown; in fact, the President during his first term issued guidance indicating that these contingency funds are available if SNAP funds lapse due to a government shutdown.[4]

    2. Because the contingency funds do not equal the total amount necessary to make November's SNAP benefit payments, the Government has posited that implementing a partial allotment for the entire country "would be exceedingly difficult, highly disruptive, and delayed, requiring a reworking of every State system to recognize and set forward a reduced benefit." ECF No. 14-1 at 12.

    3. Congress created SNAP as an entitlement: The statute provides that "[a]ssistance under this program shall be furnished to all eligible households who make application for such participation." 7 U.S.C. § 2014(a); *see also Barry v. Lyon*, 834 F.3d 706, 717 (6th Cir. 2016) (finding that this provision "grants a right to food assistance to households that meet federally-established eligibility criteria"); *Garnett v. Zeilinger*, 323 F. Supp. 3d 58, 71-72 (D.D.C. 2018) ("[S]ection 2014(a) … mandates that eligible households receive benefits.").

    4. Therefore, to ensure the quick, orderly, and efficient implementation of the Court's Order, to fulfill the statute designation of SNAP as an entitlement, and to alleviate the irreparable harm that the Court found exists without timely payment of

---

[4] During President Trump's first administration, USDA advised regional partners that funding from the contingency reserves was available to provide SNAP benefits. *See, e.g.*, Letter from Jessica Shahin to FNS Regions, Early Issuance of February 2019 SNAP Benefits – Questions & Answers #2 (Jan. 14, 2019), https://perma.cc/9HCL5GCU.

SNAP benefits, the Government should, within its discretion, find the additional funds necessary (beyond the contingency funds) to fully fund the November SNAP payments.[5] Funds available for this include a fund created by section 32 of the Agricultural Adjustment Act amendments of 1935—that had over $23 billion in it as of October 8, 2025. *See* OpenOMB, State Child Nutrition Programs, https://perma.cc/39Y3-4K9F. USDA is authorized under 7 U.S.C. § 2257 to use a percentage of appropriated funds "interchangeably" for certain expenditures. If the Government chooses to make the full payment, then it must do so by the end of the day Monday, November 4, 2025.

5. If the Government does want to use its discretion to use funds available to make a full payment of SNAP benefits for November[6], then it must expeditiously resolve the administrative and clerical burdens it described in its papers (*see* ECF

---

[5] The Defendants point out that a partial payment would involve delay and potential error: "USDA has never implemented a reduction in SNAP benefits under 7 C.F.R. 271.7. Because no template, processes, or past experience exist to inform a reduction in benefits, there are multiple variables which could lead to significant problems in attempting to reduce benefits for every SNAP household in the country." ECF No. 14-2 at 6.

[6] Any decision by the agency on use of this discretion must be made in accordance with the Administrative Procedure Act and cannot be arbitrary or capricious.

No. 14-2 at 6), but under no circumstances shall the partial payments be made later than Wednesday, November 5, 2025.

6. The Government will report to the Court on or before Noon on Monday, November 3, 2025, what it will do to comply with this Court's Order.

7. The Defendants, their agents, and all persons acting in concert or participation with Defendants are enjoined from terminating any able-bodied adults without dependents ("ABAWD") waivers before the waivers' expiration dates on the ground that the waivers were approved due to lack of sufficient jobs in the relevant geographic area.

8. In summary, the Government must make the full SNAP benefit payments by Monday, November 3, 2025. If they chose to use their discretion and not use other funds in additional to the contingency funds to make a full payment, then they must make a partial payment of the total amount of the contingency funds, and they must do this by Wednesday, November 5, 2025.[7]

IT IS SO ORDERED

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

---

[7] The Court GRANTS the Government's Motion for a Written Order. ECF No. 18.

November 1, 2025

7